UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Bennett Kirk Long, | ) | C/A No.: 9:07-cv-3881-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Garry Bryant, Wally Hampton, | ) | |
| Karen Black, Joey Preston, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on June 13, 2008 and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action on December 5, 2007, pursuant to 42 U.S.C. § 1983. Defendants moved for summary judgment on February 22, 2008. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on February 25, 2008. Plaintiff filed a response to the Motion for Summary Judgment on March 14, 2008, and Defendants replied on March 17, 2008. The magistrate now recommends granting Defendants' Motion for Summary Judgment.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

### Objections

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the

Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on June 25, 2008. Defendants filed a reply to the plaintiff's objections on June 26, 2008.

Plaintiff raises several objections to the magistrate's Report and Recommendation. The Court will attempt to address each objection to the extent the objections relate to a specific portion of the Report and Recommendation.

Plaintiff's first objection relates to the magistrate's referral to Plaintiff's verified Complaint and statement that these documents are considered as affidavits. Plaintiff argues that because the verified Complaint filed was based on his personal knowledge, it is enough to defeat the defendants' Motion for Summary Judgment. (Plaintiff's Objections 1.) However, this argument is without merit. As the magistrate noted, a verified Complaint filed by a pro se prisoner, standing alone, may defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. The magistrate considered the factual allegations set forth in Plaintiff's verified Complaint but determined that summary judgment for the defendants was still proper because no constitutional violation could be established from the facts alleged. The Court agrees with the magistrate's conclusion and finds that Plaintiff's objection is without merit.

Plaintiff next objects to the magistrate's conclusion that Nurse Hampton was not deliberately indifferent to Plaintiff's medical needs and that he did not provide

Plaintiff without adequate medical care. Specifically, Plaintiff argues that Nurse Hampton was deliberately indifferent by: (1) refusing his family members from bringing him multivitamins and (2) failing to appropriately treat his staph infection. (Pl's. Objs. 1-2.) As to Plaintiff's first claim, the magistrate properly concluded that Plaintiff has not alleged a specific injury which resulted from Nurse Hampton's alleged refusal of the multivitamins. Furthermore, Plaintiff's claim that Nurse Hampton failed to appropriately treat his staph infection is also without merit, since it is clear from Nurse Hampton's affidavit that he did not have the authority to send an inmate for medical tests or to prescribe medications. In fact, Nurse Hampton stated that he had no knowledge that Plaintiff was ever diagnosed with staph infection. As the magistrate noted, "the [p]laintiff has failed to point to any affirmative act on the part of Nurse Hampton that resulted in a deprivation of his rights." (Report and Recommendation 12.) Therefore, the Court finds that Plaintiff's objection is without merit.

Plaintiff also objects to the magistrate judge's dismissal of Nurse Karen Black from the action. According to the defendants, there is no individual at the Anderson County Detention Center by the name of Karen Black; therefore, Karen Black was never served. The Court agrees with the magistrate's dismissal of Karen Black from the action and finds Plaintiff's objection to be without merit.

In Paragraph 5, Plaintiff argues that the defendants' deliberate indifference caused him a great deal of mental stress and that is why he requested that he be tested for sexually transmitted diseases. However, the Prison Litigation Reform Act

requires that a § 1983 claimant must first show that he or she suffered a physical injury before making a claim for mental or emotional injury. Plaintiff did not allege that he was diagnosed with or has contracted HIV or any other sexually transmitted diseases. Without such a showing, the Court is not at liberty to entertain his claim for mental stress. Therefore, the Court finds that this objection is also without merit.

Plaintiff next objects to the magistrate's dismissal of Captain Bryant from the action. The magistrate concluded that Plaintiff failed to set forth a claim for deliberate indifference or denial of appropriate medical care against Captain Bryant–a non-medical prison employee. As the magistrate states, "the [p]laintiff's complaint sets forth no evidence of personal involvement on the part of Captain Bryant, and therefore the Plaintiff has not stated a claim against him." (Report and Recommendation 12.) Since Plaintiff failed to allege personal involvement of Captain Bryant in his Complaint, the Court finds that the magistrate correctly dismissed him from the Complaint.

Finally, Plaintiff objects to the magistrate's dismissal of Joey Preston from the Complaint. As the magistrate noted, Joey Preston is the County Director for Anderson County. Plaintiff argues that "[a]s County Administrator (defendant Joey Preston) is over Captain Bryant and Nurses who work there so he is responsible for what goes on under his administration or should be anyway. Including Conditions at A.C.D.C." (Pl's. Objs. 4.) However, the Court finds that this objection is without merit because Plaintiff has failed to show that Mr. Preston had any direct involvement or direct supervisory responsibility over the Detention Center. Further, Mr. Preston cannot be

held liable on the basis of supervisory liability alone.  Therefore, the Court finds that Plaintiff failed to state a claim against Joey Preston.

The remainder of Plaintiff's objections are not directed to specific portions of the Report and Recommendation, rather, they are general and conclusory.  This Court has reviewed the objections and finds that they are without merit.

## Conclusion

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the defendants' Motion for Summary Judgment be GRANTED.

IT IS FURTHER ORDERED THAT all other outstanding motions are denied as MOOT.

**IT IS SO ORDERED**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July  31, 2008

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**